UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24706-Civ-COOKE/TORRES

MOYAL WELLNESS CENTER, LLC,
a Florida limited liability company,

    Plaintiff,

  v.

AEROFLOW, INC., a North
Carolina corporation,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff respectfully submits this Notice of Supplemental Authority with regard to Defendant's Motion for Judgment on the Pleadings (Dkt. No. 29) presently pending before this Court.

On April 12, 2016, the Ninth Circuit Court of Appeals issued *Chen v. Allstate Ins. Co.*, 2016 U.S. App. LEXIS 6627 (9th Cir. Apr. 12, 2016) holding that a tendered offer of judgment on an individual claim does not destroy the plaintiff's ability to pursue its class claims. A copy of the decision is attached as Exhibit A.  Similar to the circumstances in the present matter, the defendant in *Chen* deposited $20,000.00 in the registry of the court in full satisfaction of the plaintiff's individual TCPA claim.  The defendant then argued that under the hypothetical proffered by the Supreme Court in *Campbell-Ewald v. Gomez*, 136 S. Ct. 663, 672 (2016), and unlike a Rule 68 Offer of Judgment, such action by defendant could moot the related class claims.  The Ninth Circuit rejected this argument.  Relying on a pre-*Gomez* holding, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), the Ninth Circuit held that "even if [the plaintiff's] individual claims were otherwise fully satisfied, he could continue to seek class

certification under *Pitts*." *Id.* at *33. The Court further noted that even if *Pitts* were not controlling, it would reject the defendant's attempt to moot a class action. Quoting *Gomez*, the Court held that "[w]hile a class lacks independent status until certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.* at 27–28.

As noted in Defendant's Motion for Judgment on the Pleadings, Defendant has deposited money in a registry in an attempt to satisfy Plaintiff's individual TCPA claim in order to moot Plaintiff's class claims. The Ninth Circuit's *Chen* decision supports the conclusion monies paid into the registry of the Court for the purpose of satisfying the purported class representative's individual claims do not moot the attendant class claims.

Dated: April 15, 2016                     Respectfully submitted,

**KU & MUSSMAN, PA**

By:  /s/ Louis I. Mussman
Louis I. Mussman, Esq. (Fla # 597155)
louis@kumussman.com
Brian T. Ku, Esq. (Fla. # 610461)
brian@kumussman.com
M. Ryan Casey, Esq. *(Admitted Pro Hac Vice)*
ryan@kumussman.com
6001 NW 153rd Street, Suite # 100
Miami Lakes, Florida 33014
Tel: (305) 891-1322
Fax: (305) 891-4512

*and*

CARNEY BATES & PULLIAM, PLLC
Hank Bates, Esq. *(Admitted Pro Hac Vice)*
hbates@cbplaw.com
David Slade, Esq. *(Admitted Pro Hac Vice)*
dslade@cbplaw.com
James Allen Carney, Esq. *(Admitted Pro Hac Vice)*
acarney@cbplaw.com

                                                2800 Cantrell Road, Suite 510
Little Rock, Arkansas  72202
Tel: (501) 312-8500
Fax: (501) 312-8505

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Barbara Fernandez
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
Suite 400
Miami, FL 33156-2741

Rendi L. Mann-Stadt
Caroline B. McLean
Gary J. Rickner
Ward and Smith, P.A.
82 Patton Avenue
Suite 300
Asheville, NC 28802-2020

                                             */s/ Louis I. Mussman*
                                             Louis I. Mussman, Esq.